■   GEORGE BERKOWITZ, Appellant, v MAX BERKOWITZ, Respondent.—In an action, *inter alia,* to compel the sale, in lieu of partition, of real property owned by the parties as tenants in common, plaintiff appeals from an order of the Supreme Court, Rockland County, dated November 3, 1977, which, *inter alia,* (1) granted defendant's motion to dismiss the complaint to the extent of marking the case off the Trial Calendar on the grounds that the complaint did not provide an accurate description of all other properties owned by the parties in common and did not seek partition of those properties and (2) denied his cross motion to dismiss the counterclaim. Order modified, on the law, by (1) deleting the first and second decretal paragraphs thereof and substituting therefor a provision denying defendant's motion to dismiss the complaint and (2) deleting the fourth decretal

paragraph thereof and substituting therefor a provision granting the cross motion to dismiss the counterclaim. As so modified, order affirmed, with $50 costs and disbursements to plaintiff. The case should be restored to the Trial Calendar forthwith. In our opinion section 905 of the Real Property Actions and Proceedings Law does not require, by its terms, the inclusion of an accurate description of all other properties owned by the tenants in common; nor does it require that the plaintiff also seek their partition. It merely provides that "The complaint shall state whether the parties own any other lands in common." This the plaintiff has done. The counterclaim pleaded fails to state a cause of action. Martuscello, J. P., Rabin, Gulotta and Cohalan, JJ., concur.